**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LODRICK PARKER,

      Petitioner,                                    Civil No. 2:06-CV-11321
                                                           HONORABLE NANCY G. EDMUNDS
v.                                                         UNITED STATES DISTRICT JUDGE

DOUG VASBINDER,

      Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Lodrick Parker, ("petitioner"), presently confined at the Cotton Correctional
Facility in Jackson, Michigan, has filed a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for armed
robbery, M.C.L.A. 750.529; assault with intent to commit murder, M.C.L.A.
750.83; arson, M.C.L.A. 750.73; and felony-firearm, M.C.L.A. 750.227b.
Respondent has filed a motion for summary judgment, contending that petitioner
has failed to comply with the statute of limitations contained in 28 U.S.C. §
2244(d)(1).  Petitioner has not filed a reply to the motion.  For the reasons stated
below, the petition for a writ of habeas corpus is **SUMMARILY DISMISSED**.

### I. Background

Petitioner was convicted of the above offenses in the Detroit Recorder's
Court in 1990.   Direct review of petitioner's conviction ended on July 25, 1995,
when the Michigan Supreme Court denied petitioner's application for leave to

appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Parker,* 449 Mich. 900, 536 N.W.2d 777 (1995).

On October 23, 2002, petitioner filed a post-conviction motion for relief from judgment with the with the Wayne County Circuit Court. [1]  After the trial court and the Michigan Court of Appeals denied petitioner's post-conviction application, the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of post-conviction relief on October 31, 2005. *People v. Parker,* 474 Mich. 898, 705 N.W.2d 128 (2005).  The instant petition was signed and dated March 2, 2006. [2]

## II.  Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show

---

[1]  *See People v. Parker,* No. 90-002456-01-FY [This Court Dkt Entry # 7].  In a habeas proceeding, a federal district court is permitted to take judicial notice of the records in the case which resulted in the petitioner's underlying conviction. *See Camper v. Benov,* 966 F. Supp. 951, 953, n. 2 (C.D. Cal. 1997).  In the absence of reliable evidence to the contrary, a federal district court should presume the accuracy of a court clerk's docket entries. *Arnold v. Wood,* 238 F. 3d 992, 995 (8th Cir. 2001).  Moreover, petitioner has attached a copy of his motion for relief from judgment to his petition.  Although the motion does not have the exact day or month that it was filed, the motion is dated from the year 2002.

[2]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 2, 2006, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

that a reasonable factfinder could return a verdict in his favor. *Id.* The summary

judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F.

Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one

year statute of limitations shall apply to an application for writ of habeas corpus

by a person in custody pursuant to a judgment of a state court.  The one year

statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

> 28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not

been filed within the one year statute of limitations. *See Holloway v. Jones,* 166

F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan

Supreme Court denied leave to appeal on July 25, 1995.  Petitioner's conviction

would become final, for the purposes of the AEDPA's limitations period, on the

3

date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on September 23, 1995, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *Id.*

Petitioner filed his post-conviction motion for relief from judgment on October 23, 2002, more than five years after the one year limitations period had already expired. 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin,* 156 F. Supp. 2d at 836. However, a state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *See also Jurado v. Burt*, 337 F.

4

3d 638, 641 (6th Cir. 2003).  The instant petition is therefore untimely.

The AEDPA's limitations period is subject to equitable tolling. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001).  The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010.

In the present case, petitioner is not entitled to equitable tolling of the one year limitations period, because petitioner has failed to allege the existence of any extraordinary circumstances which prevented him from filing his habeas petition on time. *See Wilson v. Birkett,* 192 F. Supp. 2d 763, 766-767 (E.D. Mich. 2002).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005).  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327).  For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness

5

accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590.  The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191.

### III.  Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1) and will summarily dismiss it.

The Court will also deny petitioner a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge

6

shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *See Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year

7

limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV.  <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 4, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 4, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

8